OPINION
On October 10, 1997, appellants, Joseph Stamper and Linda Stamper, filed a complaint for custody of their grandchild, Brittany Marie Stamper, born October 21, 1992. Father of the child is appellants' son, Michael Stamper. Mother of the child is appellee, Billie Jo Akers. The child had been living with appellants since August 22, 1997. Attached to the complaint were answers and consents to the award of custody to appellants signed by both father and appellee. By judgment order filed November 25, 1997, the trial court awarded custody of the child to appellants. On May 27, 1999, appellee filed a motion for legal custody and for ex parte order naming her temporary sole residential parent and legal custodian of the child. By judgment entry filed May 27, 1999, the trial court granted the motion and awarded appellee temporary residential parent and legal custody of the child. On July 28, 1999, appellants filed a motion to vacate a void judgment. A hearing before a magistrate was held on September 1, 1999. By decision filed September 11, 1999, the magistrate overruled the motion finding the trial court had jurisdiction to enter the May 27, 1999 order. By judgment entry filed September 15, 1999, the trial court approved and adopted the magistrate's decision. Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN APPROVING AN ORDER AWARDING TEMPORARY CUSTODY OF THE MINOR CHILD HEREIN TO THE RESPONDENT IN VIOLATION OF OHIO REVISED CODE SECTION 3109.23.
 I
On October 10, 1997, appellants filed the custody complaint with the consent of both father and appellee. On March 27, 1999, appellee filed a motion for legal custody and for ex parte order naming her temporary sole residential parent and legal custodian of the child. Attached to this motion was appellee's affidavit detailing the custody of the child. The affidavit asserts appellee has had physical custody of the child since December of 1997. The affidavit alleges that on May 20, 1999, appellants picked up the child from school without notifying appellee, that on May 22, 1999 when she saw her child she noticed the child's hair was covered with lice, the child had been staying with an aunt and uncle in a filthy home, and father lives with appellants in a home consisting of three rooms, a bedroom, a kitchen and a living room. The motion was accompanied by a praecipe for service to appellants. By judgment entry filed May 27, 1999, the trial court granted the motion and awarded appellee temporary residential parent and legal custody of the child. In this same judgment entry, the trial court stated "[e]ither party may petition the Court for a hearing on this Order." In lieu of requesting a hearing, appellants filed a Civ.R. 60(B) motion on July 28, 1999 claiming the trial court's May 27, 1999 judgment was void because the trial court was without power to grant the ex parte order. By decision filed September 11, 1999, approved and adopted by the trial court on September 15, 1999, the magistrate found the trial court did have the power to enter the order in light of the trial court's November 25, 1997 judgment order wherein the trial court specifically retained jurisdiction over the case until the child reached the age of majority. Upon review, we find the granting of temporary custody is not a final appealable order and is not an issue for review under a Civ.R. 60(B) motion. The trial court specifically afforded the parties an opportunity to be heard on the issue pursuant to Juv.R. 13(E) but appellants did not avail themselves of this right. Instead, appellants chose to file a Civ.R. 60(B) motion. The order appealed from herein is the denial of the Civ.R. 60(B) motion. The trial court had jurisdiction to address the custody of the child in light of its continuing jurisdiction, and followed the dictates of Juv.R. 13(E). A Civ.R. 60(B) motion was not the proper vehicle to perfect an appeal or, in this case, to address the issues raised in appellee's motion for custody. Because the trial court granted temporary custody of the child to appellee, we find the order is not a final appealable order under R.C. 2505.02
which states as follows: An order that effects a substantial right in an action which in effect determines the action and prevents a judgment, an order that effects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial.
This appeal is dismissed.
HOFFMAN, P.J. and READER, V.J. concur.